UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYWAUN COAKLEY,

        Petitioner,

v.

        CASE NO. 2:19-CV-10241
        HON. NANCY G. EDMUNDS

JOHN CHRISTIANSEN,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Former Michigan prisoner Tywaun Coakley ("Petitioner") was convicted of vehicular manslaughter, MICH. COMP. LAWS § 750.321, following a jury trial in the Wayne County Circuit Court and was sentenced to 3½ to 15 years imprisonment in 2017. He was discharged from that sentence and released from state custody on February 4, 2021. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=340474 (accessed on June 1, 2021).

In his pleadings, Petitioner raises claims concerning the great weight/sufficiency of the evidence to support his conviction and the validity of his sentence. For the reasons set forth herein, the Court denies the petition for a writ of habeas corpus, denies a certificate of appealability, and denies leave to proceed in forma pauperis.

## II. Facts and Procedural History

Petitioner's conviction arises from a confrontation in which he struck an elderly man with his vehicle causing injuries that resulted in the man's death in Detroit, Michigan in 2016. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's conviction arose from the death of 81-year-old Roberto Ybarra, who died on July 18, 2016, after he was struck by a vehicle driven by defendant on July 17, 2016. According to witnesses, defendant was driving a white Impala and was engaged in an argument with Ybarra, who was outside defendant's vehicle. Testimony indicated that as Ybarra was walking toward defendant's vehicle, defendant had a path in which he could have driven forward, but he instead reversed his vehicle, stated "Do you wanna go?," and then accelerated forward while maneuvering his vehicle into Ybarra's path, striking Ybarra, and then drove off. Ybarra sustained serious injuries, including a traumatic brain injury, and died the next day from his injuries.

*People v. Coakley*, No. 337318, 2018 WL 3397647, *1 (Mich. Ct. App. July 12, 2018) (unpublished).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his conviction and sentence. *Id*. at *1-4. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Coakley*, 503 Mich. 932, 920 N.W.2d 584 (2018).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. His conviction of involuntary manslaughter is against the great weight of the evidence and the evidence was insufficient to convict beyond a reasonable doubt.

2

II. The trial court violated his due process rights at sentencing by mis-scoring Offense Variable 19 at 10 points because he did not interfere with or attempt to interfere with the administration of justice, thus OV 19 should have been scored at zero; and scoring of OV 17 at 10 points versus zero points because OV 6 was already scored and/or in the alternative, OV 6 should have been scored at zero and OV 17 scored at 5 points.

ECF No. 1. Respondent filed an answer to the habeas petition contending that it should be denied because certain claims are not cognizable on habeas review and all of the claims lack merit. ECF No. 7. Petitioner filed a reply to that answer. ECF No. 9.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

3

and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists

4

could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as

5

neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### IV. <u>Analysis</u>

#### A <u>Great Weight/Sufficiency of the Evidence Claim</u>

Petitioner first asserts that he is entitled to habeas relief because his conviction is against the great weight of the evidence and the evidence is insufficient to support his conviction for vehicular manslaughter. Respondent contends that this claim is not cognizable in part and that it lacks merit.

As an initial matter, the Court concludes that Petitioner is not entitled to habeas relief on any claim that the jury verdict was against the great weight of the evidence. It is

6

well-established that habeas review is not available to correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The United States Constitution requires only that the evidence be sufficient to sustain the conviction under the standard established in *Jackson v. Virginia*, 443 U.S. 307 (1979). Where the evidence is sufficient as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review. A federal habeas court has no power to grant relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Habeas relief is thus not warranted on such a basis.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted). The sufficiency of the evidence standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n. 16, and through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and

the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Additionally, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). A federal habeas court may not re-weigh the evidence or re-determine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Rather, a federal habeas court must defer to the factfinder at trial for its assessment of the credibility of witnesses. *Id*. Accordingly, the "mere existence of sufficient evidence to convict ... defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

The Michigan Court of Appeals considered the sufficiency of the evidence issue on direct appeal and denied relief. The court explained in relevant part:

> Defendant argues that the evidence was insufficient to support his manslaughter conviction, or alternatively, that he is entitled to a new trial because the jury's verdict was against the great weight of the evidence. We disagree with both arguments.
>
> An appellate court's review of the sufficiency of the evidence to sustain a conviction turns on whether there was sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. *People v. Wolfe*, 440 Mich. 508, 513-514; 489 N.W.2d 748 (1992), *amended* 441 Mich. 1201 (1992). This Court must view the evidence in the light most favorable to the prosecution. *Id*. at 515. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v. Williams*, 268 Mich. App. 416, 419; 707 N.W.2d 624 (2005). Any conflicts in the evidence must be resolved in favor of the prosecution. *People v. Jackson*, 292 Mich. App. 583, 587-588; 808 N.W.2d 541 (2011).
>
> Defendant was convicted of vehicular manslaughter, which is a form of involuntary manslaughter, MCL 750.321. "An unlawful act, committed with the intent to injure or in a grossly negligent manner, that proximately causes death is involuntary manslaughter." *People v. McCoy*, 223 Mich. App. 500,

502; 566 N.W.2d 667 (1997). The prosecution's theory was that defendant deliberately drove his vehicle at Ybarra with the intent to injure him, or alternatively was grossly negligent. In *McCoy*, *id*. at 503, this Court explained:

In order to show gross negligence, the following elements must be established:

(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.

(2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.

(3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [Quotation marks and citations omitted.]

Defendant argues that the evidence did not support the necessary state of mind to prove gross negligence. Defendant maintains that he did not see Ybarra as Ybarra was walking between defendant's vehicle and another vehicle, and that the circumstances in which he struck Ybarra with his vehicle supported, at most, the occurrence of an accident. We disagree.

Evidence showed that defendant knew that Ybarra was in the area near defendant's vehicle, trying to get his keys back from defendant's car. A witness saw Ybarra going back and forth between the two vehicles. Further, testimony indicated that just before Ybarra was struck by defendant's vehicle as Ybarra was walking toward it, defendant put the vehicle in reverse and was heard saying, "Do you wanna go? Do you wanna go?" Defendant then accelerated his car, maneuvered it to the outside lane occupied by Ybarra despite the fact that nothing prevented defendant from driving forward in his own lane, and struck Ybarra with such force that Ybarra fell on or struck his own vehicle and landed 10 to 15 feet away. Viewed in the light most favorable to the prosecution, these facts supported a finding that defendant acted, in the least, in a grossly negligent manner, and thus supported his conviction of involuntary manslaughter. *Id*. at 502-503.

*Coakley*, 2018 WL 3397647 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The testimony of the eyewitnesses, particularly Kreed Lile and Kathryn Bordine, indicated that Petitioner and Ybarra were

9

involved in a confrontation, that Petitioner took Ybarra's car keys (police found them in Petitioner's vehicle), that Ybarra walked toward Petitioner's car, that Petitioner backed up his car by several feet, said "Do you wanna go?", and then accelerated and drove into Ybarra even though he had could have driven by him, that Petitioner hit Ybarra with enough force to push him onto his own car and into the air before he landed several feet away, and that Petitioner fled the scene. *See* ECF No. 8-7, Page ID.303-371 (testimony of Kreed Lile), 388-400, ECF No. 8-8, PageID.412-448 (testimony of Kathryn Bordine), 517-520 (testimony of Detroit Police Officer Erika Jones). Such testimony, and reasonable inferences therefrom, supported a finding that Petitioner acted with either the intent to injure or with gross negligence when he struck Ybarra with his vehicle so as to support his vehicular manslaughter conviction.

Petitioner challenges the jury's evaluation of the evidence and the inferences the jury drew from the testimony presented at trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Cavazos*, 565 U.S. at 7; *Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618; *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict and the Michigan Court of Appeals' decision affirming that verdict were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that Petitioner had the requisite intent to support his vehicular manslaughter conviction. Habeas relief is not warranted on this claim.

## B. Sentencing Guidelines Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in scoring several Offense Variables (OVs 6, 17, and 19) of the Michigan sentencing guidelines and determining his sentence. Respondent contends that this claim is not cognizable and that it lacks merit.

As an initial matter, the Court notes that Petitioner's sentencing claim is likely moot. In order to attack a state court conviction in a federal habeas proceeding, a petitioner must be "in custody" pursuant to that conviction at the time the habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam); *see also* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). When a petitioner is released during the pendency of his case, a habeas court is not divested of jurisdiction as long as the petitioner was "in custody" at the time the petition was filed. *Carafas*, 391 U.S. at 238; *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988). At the time he instituted this action, Petitioner satisfied the "in custody" requirement because he was still in state prison.

However, a petitioner's release from custody may moot a habeas claim. The United States Constitution provides that a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the United States Supreme Court has explained:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, a case may become moot and outside the court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986). Mootness is a jurisdictional issue which maybe raised by a court sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Once a habeas petitioner's sentence has expired, some concrete and continuing injury, some "collateral consequence" of the conviction, other than the now-ended incarceration, must exist if the action is to proceed in federal court and not be considered moot. *Spencer*, 523 U.S. at 7. Ordinarily, a habeas petition challenging a criminal conviction will not be moot because a criminal conviction ordinarily has continuing collateral consequences. When a petitioner has been discharged from his sentence and his claim only concerns a sentencing issue, however, there are no continuing collateral consequences which can be redressed by a favorable court decision. *See Lane v. Williams*, 455 U.S. 624, 631 (1982).

Such is the case here with respect to Petitioner's sentencing claim because he has been discharged from his sentence. This Court can provide no further remedy. His sentencing claim is therefore moot. *See Hood v. Wilson*, 389 F. App'x 522 (6th Cir. 2010) (ineffective assistance of appellate counsel claim regarding sentencing was moot given petitioner's discharge from custody); *United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) ("If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.").

Moreover, even if Petitioner's sentencing claim is not moot, it does not justify

habeas relief. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). In this case, Petitioner's sentence is within the statutory maximum for his offense. *See* MICH. COMP. LAWS § 750.321 (authorizing a 15-year maximum sentence for manslaughter). Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

The Michigan Court of Appeals considered this claim on direct appeal and denied relief finding that OVs 6 and 19 were properly scored at 10 points each, and that OV 17 was improperly scored at 10 points instead of 5 points in light of the scoring for OV 6, but such an error was harmless and did affect Petitioner's sentence. *Coakley*, 2018 WL 3397647 at *2-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] Petitioner's claim that the trial court erred in scoring several Offense Variables of the Michigan sentencing guidelines is not cognizable on habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A

---

[1]The Court notes that it would reach the same result under a de novo standard of review - particularly as to any claims by Petitioner that his sentence violates federal law and such issues were not addressed by the Michigan Court of Appeals.

state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Alleged errors in scoring Offense Variables (or Prior Record Variables) and determining the sentencing guideline range do not warrant federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.

Petitioner seems to assert that the scoring of the guidelines, and thus his sentence, was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81

(E.D. Mich. 1992).

Petitioner makes no such showing. Rather, the record indicates that he had a sentencing hearing before the state trial court with an opportunity to challenge the sentencing information. He was also able to challenge his sentence on direct appeal in the state courts. Petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

Lastly, Petitioner seems to assert that his sentence was imposed in violation of his Sixth Amendment rights. Such a claim arises from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-12.

In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines violate the Sixth Amendment

because the guidelines "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506. The court's remedy was to make the guidelines advisory only. *Id*. at 520-21. The United States Court of Appeals for the Sixth Circuit ha since agreed with *Lockridge* and ruling that *Alleyne* clearly established that Michigan's pre-*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth Amendment. *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th Cir. 2018). The Sixth Circuit explained that "[a]t bottom, Michigan's sentencing regime violated *Alleyne*'s prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id*. at 716. This Court is bound by the Sixth Circuit's decision.

In this case, however, Petitioner was sentenced in 2017 – well after *Lockridge* was decided in 2015. At that point, the Michigan sentencing guidelines were advisory, not mandatory. Purely advisory applications of the guidelines do not run afoul of the Sixth Amendment. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *Winters v. Balcarcel*, No. 2:18-CV-12668, 2021 WL 915615, * (E.D. Mich. March 10, 2021) (citing cases and denying habeas relief on similar claim because the petitioner was re-sentenced after *Lockridge* was decided); *Banks v. Parish*, No. 1:21-CV-42, 2021 WL 266621, *6-7 (W.D. Mich. Jan. 27, 2021) (denying habeas relief on similar claim because

sentencing was post-*Lockridge*).

Because the guidelines were advisory at the time of sentencing, the trial court exercised its discretion in imposing Petitioner's sentence. "Facts that the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." Holder v. Jackson, No. 17-CV-408, 2017 WL 3205762, *4 (W.D. Mich. July 28, 2017) (summarily dismissing habeas petition raising similar sentencing claim); see also Wiggins v. Balcarcel, No. 18-CV-10124, 2018 WL 659280, *5 (E.D. Mich. Feb. 1, 2018) (citing Holder and denying habeas relief on sentencing claim). There was no Sixth Amendment violation. Habeas relief is not warranted on this claim.

**V.** **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies

relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85. Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

s. Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2021